1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOSEPH A. NEAL,                               No. 2:18-cv-01784-KJN (PS)

12                   Plaintiff,

13         v.                                        ORDER

14    AMERICAN EDUCATION SERVICES
      d/b/a PENNSYLVANIA HIGHER
15    EDUCATION SERVICES AGENCY,

16                   Defendant.

17

18         Plaintiff Joseph Neal, who proceeds without counsel, filed this action against defendant

19    American Education Services[1] on May 18, 2018, in Yolo County Superior Court, alleging

20    violations of the Fair Debt Collection Practices Act ("FDCPA").  (ECF No. 1-1.)  Subsequently,

21    defendant removed the matter to federal court.  (ECF No. 1.)

22         Presently pending before the court is defendant's motion for summary judgment pursuant

23    to Federal Rule of Civil Procedure 56.  (ECF No. 19.)  Plaintiff filed an opposition.  (ECF No.

24    21.)  On February 26, 2019, the court took this matter under submission on the briefs without oral

25    argument pursuant to Local Rule 230(g).  (ECF No. 20.)

26    _____

27    [1] Defendant is American Education Services, a fictitious name used by Pennsylvania Higher
      Education Services Agency.  (ECF No. 1 at 1.)  However, in the complaint plaintiff incorrectly
28    names defendant as "American Education Services d/b/a Pennsylvania Higher Education Services
      Agency."  (Id.)

                                                    1

After carefully considering the parties' written briefing, the court's record, and the applicable law, the court GRANTS defendant's motion for summary judgment for the following reasons.

I.      BACKGROUND

The complaint asserts that defendant violated 15 U.S.C. § 1692g of the FDCPA on two separate occasions by failing to validate a debt referred to as the "AES/Educational Financial Group account," which was reported on plaintiff's credit reports. (ECF No. 1-1 at 6-7.) Plaintiff seeks monetary damages and specific performance to remove the AES/Educational Financial Group account from his credit reports. (ECF No. 1-1 at 2.)

On July 19, 2018, after each party consented to proceed before a United States Magistrate Judge, the matter was assigned to the undersigned for all further proceedings, including entry of final judgement, pursuant to 28 U.S.C. § 636(c)(1). (ECF Nos. 8-10.).

The court issued a pretrial scheduling order on November 9, 2018. (ECF No. 18.) All discovery was ordered to be completed by February 14, 2019. (Id. at 3.) Discovery closed without any significant dispute, as no discovery motions were brought before the court.

Then, on February 15, 2019, defendant filed the pending motion for summary judgment. (ECF No. 19.) Pursuant to the local rules, defendant included a separate statement of undisputed material facts. (ECF No. 19-2.) On March 5, 2019, plaintiff filed an opposition, but failed to directly address defendant's separate statement of undisputed material facts. (ECF No. 21.)

II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." It further provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[2] A shifting burden of proof

_____

[2] Federal Rule of Civil Procedure 56 was revised and rearranged effective December 10, 2010. However, as stated in the Advisory Committee Notes to the 2010 Amendments to Rule 56, "[t]he standard for granting summary judgment remains unchanged."

governs motions for summary judgment under Rule 56.  Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010).  Under summary judgment practice, the moving party:

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P. 56(c)).  "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case."  In re Oracle Corp. Sec. Litig., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendments (recognizing that "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact").

If the moving party meets its initial responsibility, the opposing party must establish that a genuine dispute as to any material fact actually exists.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986).  To overcome summary judgment, the opposing party must demonstrate the existence of a factual dispute that is both material, i.e., it affects the outcome of the claim under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc., 618 F.3d 1025, 1031 (9th Cir. 2010), and genuine, i.e., "'the evidence is such that a reasonable jury could return a verdict for the nonmoving party,'"  FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010) (quoting Anderson, 477 U.S. at 248).  A party opposing summary judgment must support the assertion that a genuine dispute of material fact exists by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(A)-(B).  However, the opposing party "must show more than the

3

1  mere existence of a scintilla of evidence." In re Oracle Corp. Sec. Litig., 627 F.3d at 387 (citing

2  Anderson, 477 U.S. at 252).

3      In resolving a motion for summary judgment, the evidence of the opposing party is to be

4  believed. See Anderson, 477 U.S. at 255. Moreover, all reasonable inferences that may be drawn

5  from the facts placed before the court must be viewed in a light most favorable to the opposing

6  party. See Matsushita, 475 U.S. at 587; Walls v. Cent. Contra Costa Transit Auth., 653 F.3d 963,

7  966 (9th Cir. 2011). Yet, to demonstrate a genuine factual dispute, the opposing party "must do

8  more than simply show that there is some metaphysical doubt as to the material facts. . . . Where

9  the record taken as a whole could not lead a rational trier of fact to find for the non-moving party,

10  there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87 (citation omitted).

11  III.   DISCUSSION

12      The court can consider a fact undisputed for purposes of summary judgment if a party

13  fails to properly address the opposing party's assertion of fact. Fed. R. Civ. P. 12(e)(3). Here,

14  defendant provided a separate statement of undisputed material facts (ECF No. 19-2), which

15  plaintiff did not properly address.

16      Plaintiff's pro se status does not relieve him of his duty to properly address defendant's

17  assertions of fact on summary judgment. "Pro se litigants must follow the same rules of

18  procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987)

19  (overruled on other grounds). The Eastern District Local Rules explain that "[a]ny individual

20  representing himself or herself without an attorney is bound by the Federal Rules of Civil or

21  Criminal Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel'

22  by these Rules apply to individuals appearing in propria persona." E.D. Cal. L.R. 183(a).

23      The Local Rules further direct that

24          Any party opposing a motion for summary judgment . . . shall
            reproduce the itemized facts in the Statement of Undisputed Facts
25          and admit those facts that are undisputed and deny those that are
            disputed, including with each denial a citation to the particular
26          portions of any pleading, affidavit, deposition, interrogatory answer,
            admission, or other document relied upon in support of that denial.
27

28  E.D. Cal. L.R. 260(b).

4

Instead of properly addressing defendant's statement of undisputed facts as directed, plaintiff asserts "[t]here are no admissions and/or depositions on record; therefore, the court has no facts to rely on for summary judgment." (ECF No. 21.) Plaintiff is mistaken.

Defendant's motion and statement of undisputed facts are supported by the declaration of Earl Hoch (see ECF No. 19-2), which the court may rely on at summary judgment. See Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by citing to particular parts of materials in the record, including . . . declarations").

What is more, discovery has closed in this matter. (ECF No. 18 at 3.) Plaintiff seems to imply that there are other facts "out there" somewhere—but not before the court—that could support his claim and create a genuine dispute of material fact. However, plaintiff had the responsibility to gather these facts before the close of discovery and present them in opposition to defendant's motion, or explain what facts are "out there" to support his opposition and provide a basis for reopening discovery to pursue those facts. See E.D. Cal. L.R. 260(b). Plaintiff did neither, and has instead chosen to rest on the allegations in his complaint.

Therefore, the record is devoid of any genuine dispute of material fact.

A.    Findings of Fact

Plaintiff signed a Federal Family Education Loan Program ("FFELP") Federal Consolidation Loan Application and Promissory Note on or about September 18, 2002. (Declaration of Earl Hoch, ECF No. 19-3 ["Hoch Decl."] ¶¶ 4-5, Exh. A.) EdSouth Funding was the original lender for the note, and held it from the date of disbursement of funds until plaintiff defaulted on the note in August 2011. (Hoch Decl. ¶ 5.) On default, the note was transferred to Tennessee Student Assistance Corporation. (Id.) Plaintiff subsequently rehabilitated the note, and brought it out of default. (Id. ¶ 7.)

Defendant is a governmental agency and instrumentality of the Commonwealth of Pennsylvania and a guaranty agency under the FFELP. (Hoch Decl. ¶ 2.) Defendant became the servicer of the note on or about December 28, 2012, after it was rehabilitated and no longer in default. (Id. ¶ 7.) The note was not in default when defendant began servicing it, and it has not been in default since that date. (Id.)

1    The note appeared on plaintiff's credit report from Transunion in 2016 as the

2    AES/Educational Financial Group account.  (ECF No. 1-1 at 6.)  In letters to defendant, plaintiff

3    disputed the accuracy of the debt and requested that defendant validate it.  (Id. at 6-7, 10-13, 18-

4    21.)  Defendant responded to plaintiff that it is the servicer of the loan and provided plaintiff with

5    a copy of the September 18, 2002 note.  (Id. at 14-15, 22-25.)

6        B.    Plaintiff's Evidentiary Objections

7        Plaintiff objects to defendant's reliance on a copy of the September 18, 2002 note because

8    defendant "failed to present the original promissory note with wet ink signature."  (ECF No. 21 at

9    1.)  As such, plaintiff asserts that the note provided here "is a mere copy of hearsay evidence; a

10   nullity and of no evidentiary value."  (Id.)  Plaintiff also objects to the court's reliance on the note

11   because defendant "has failed to present/produce a chain of assignments from EdSouth Funding

12   to Tennessee Student Assistance Corporation to American Education Services."  (Id. at 2.)  These

13   objections are not well-taken.[3]

14       At summary judgment "a party does not necessarily have to produce evidence in a form

15   that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules

16   of Civil Procedure 56."  Fraser v. Goodale, 342 F.3d 1032, 1036-37 (9th Cir. 2003) (quoting

17   Block v. City of Los Angeles, 253 F.3d 410, 418-19 (9th Cir. 2001)) (internal quotation marks

18   omitted).  Even if evidence is presented in a form that is currently inadmissible, the court may

19   still evaluate that evidence on a motion for summary judgment so long as the objections could be

20   cured at trial.  See Burch v. Regents of the Univ. of Cal., 433 F.Supp.2d 1110, 1119-20 (E.D. Cal.

21   2006).

22       The court may rely on documents that are properly authenticated through personal

23   knowledge, provided that the documents are "attached to an affidavit that meets the requirements

24   of [Fed.R.Civ.P.] 56(e) and the affiant [is] a person through whom the exhibits could be admitted

25   into evidence."  Orr v. Bank of Am., NT & SA, 285 F.3d 764, 773-74 (9th Cir. 2002).

26   _____

27   [3] Plaintiff additionally argues that statements of an attorney in a brief do not constitute sufficient
     evidence for summary judgment.  (ECF No. 21 at 2.)  This argument misses the mark, as
28   defendant relies upon the declaration of Earl Hoch in support of its motion, and not the statements
     of its attorney.  (See ECF Nos. 19-1, 19-3.)

"Federal Rule of Civil Procedure 56(e) requires that affidavits be made on personal knowledge, that the affiant be competent to testify to the matters stated therein, and that sworn or certified copies of all papers referred to in an affidavit be attached thereto." <u>Orr</u>, 285 F.3d at 774 n.9 (citing Fed.R.Civ.P. 56(e). "A document can be authenticated [under Rule 901(b)(1)] by a witness who wrote it, signed it, used it, or saw others do so." <u>Id.</u> at 774 n.8 (citing <u>31 Wright & Gold, Federal Practice & Procedure: Evidence</u> § 7106, 43 (2000)).

Here, a copy of the September 18, 2002 note is attached as Exhibit A to the sworn declaration of Earl Hoch in support of defendant's motion for summary judgment. (Hoch Decl. Exh. A.) Mr. Hoch is the department supervisor for defendant's "GPS Customer Service American Education Service, Graduate and Professional Services." (<u>Id.</u> ¶ 1.) Mr. Hoch attests that he is familiar "with respect to the receipt and processing of student loans [that defendant] services, the amounts owing on the student loans, as well as [defendant's] procedures for the computer retention, storage, and retrieval of all information related to the above." (<u>Id.</u> ¶ 3.) He also declares that the computer system is reliable and has been used to keep track of plaintiff's loan. (<u>Id.</u>) Finally, he certifies that a true and correct copy of the note is attached as Exhibit A to his declaration. (<u>Id.</u> ¶ 4.)

Thus, the court finds that the copy of the September 18, 2002 note has been properly authenticated through the personal knowledge of Earl Hoch, such that the court may rely on it for the purposes of summary judgment. <u>See</u> <u>Orr</u>, 285 F.3d at 773-74.

Because the note has been properly authenticated, there is no merit to plaintiff's "chain of assignments" objection, and it is inconsequential that the document is a copy. As plaintiff stresses, there is only one such "wet ink signature" note. (ECF No. 21 at 1.) Accordingly, defendant would not produce the original at this stage of the proceedings. Defendant's reliance on a copy of the note at summary judgment does not create a genuine dispute of material fact.

Moreover, plaintiff does not deny that he took out this loan and signed the original note. (ECF No 21 at 1-2.) On the contrary, plaintiff admits to taking out the student loan, but asserts the loan was subsequently invalidated under the FDCPA because defendant did not produce the "wet ink signature" original copy. (<u>See</u> ECF No. 1-1 at 7.) On April 15, 2016, plaintiff asked

defendant "to stipulate whether you are the holder in due course for my promissory note" and demanded that defendant "present for visual inspection MY ORIGINAL WET INK SIGNATURE PROMISSORY NOTE."  (ECF No. 1-1 at 11.)

Even assuming that the note defendant presented to the court is not admissible, there would still be no genuine dispute of *material* fact.  The inadmissibility of the note may create a dispute over when the loan was initiated and how much is owed.  This is not material, however, because plaintiff does not point to any evidence in the record that demonstrates the loan was in default when defendant began servicing it, which fatally undermines plaintiff's claim.

C.     Debt Collector under the FDCPA

Plaintiff's only claim in this matter is that defendant has violated the FDCPA by failing to validate his student loan promissory note on two occasions.  (See ECF No. 1-1.)  Defendant persuasively argues that it is entitled to summary judgment as a matter of law because it is not a debt collector under the FDCPA, with respect to the note in question.  (See generally ECF No. 19-1.)

Plaintiff argues that defendant is a debt collector because defendant "claim[s] to be in service of this debt." (ECF No. 1-1 at 7.)  However, this is not the appropriate legal standard for defining a debt collector under the FDCPA.

"Significantly, the FDCPA's definition of debt collector exempts 'any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default *at the time it was obtained* by such person.'" De Dios v. Int'l Realty & Investments, 641 F.3d 1071, 1074 (9th Cir. 2011) (emphasis in original) (citing 15 U.S.C. § 1692a(6)(F)(iii)).

Accordingly, "student loan servicers that begin servicing prior to default are not debt collectors under the FDCPA." Haysbert v. Navient Sols., Inc., No. CV 15-4144 PSG (EX), 2016 WL 890297, at *11 (C.D. Cal. Mar. 8, 2016); see also Brumberger v. Sallie Mae Servicing Corp., 84 F. App'x 458, 459 (5th Cir. 2004) ("By its plain terms the FDCPA does not apply to Sallie Mae because Brumberger does not allege that he was in default at the time Sallie Mae began servicing his loans").

It is undisputed that defendant became the loan servicer of plaintiff's student loan promissory note on or about December 28, 2012, after the note was rehabilitated and no longer in default.  (Hoch Decl. ¶ 7.)  Plaintiff has not adduced even a scintilla of evidence to establish that his loan was in default when defendant began servicing it.  Indeed, plaintiff has completely ignored this issue in both his complaint and opposition to defendant's motion.

Therefore, defendant is not a debt collector under the FDCPA, as to plaintiff's September 18, 2002 note.  See 15 U.S.C. § 1692a(6)(F)(iii); De Dios, 641 F.3d at 1074.

IV.     CONCLUSION

Based on the foregoing, plaintiff's sole claim in this matter fails as a matter of law. Accordingly, IT IS HEREBY ORDERED that:

1.   Defendant's motion for summary judgment (ECF No. 19) is GRANTED.

2.   The Clerk of Court shall vacate all scheduled dates, close this case, and enter judgment for defendant.

IT IS SO ORDERED.

Dated:  April 18, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE